NOT RECOMMENDED FOR PUBLICATION

File Name: 22a0204n.06

Case No. 21-3995

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| OHIO STANDS UP!, | ) | |
|     Plaintiff, | ) ) | **FILED**<br>May 19, 2022<br>DEBORAH S. HUNT, Clerk |
| KRISTEN BECKMAN; DOUGLAS FRANK, | ) ) | |
|     Plaintiffs - Appellants, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
|         v. | ) ) ) | |
| U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | ) ) ) ) | |
|     Defendants - Appellees. | ) ) | |

Before:  BATCHELDER, CLAY, and LARSEN, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.**  The district court granted the defendants' motion to dismiss upon finding that the plaintiffs lacked standing.  We affirm.

Kristen Beckman and Douglas Frank[1] sued four United States federal agencies and the Director of each: the Department of Health and Human Services, the Center for Disease Control, the National Center for Health Statistics, and the Office of Management and Budget.  Beckman and Frank alleged that these defendants knowingly and intentionally published misleading and fraudulent data that overstated the number of nationwide COVID-19 cases and deaths, in violation of the Paperwork Reduction Act of 1995, 44 U.S.C. §§ 3501-3521, the Information Quality Act, 44 U.S.C. § 3516 (Policy and Procedural Guidelines), the Administrative Procedure Act, 5 U.S.C. §§ 500-706, and the "Implied Constitutional Duty of Honesty and Fair Dealing."

---

[1] Ohio Stands Up! was the original lead plaintiff, but did not appeal.

On a motion by the defendants, the district court found that the plaintiffs lacked standing and dismissed the case. The plaintiffs appealed. When the district court dismisses a case based on standing, our review is de novo. *Fowler v. Benson*, 924 F.3d 247, 254 (6th Cir. 2019).

"[T]he 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citation omitted) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "[I]njury in fact [is] the '[f]irst and foremost' of standing's three elements." *Id*. at 338-39 (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998)).

"To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 339 (quotation marks and citation omitted). "For an injury to be 'particularized,' it must affect the plaintiff in a personal and individual way." *Id*. (quotation marks and citation omitted). A plaintiff who is "seeking relief that no more directly and tangibly benefits him than it does the public at large . . . does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74. "[A] grievance that amounts to nothing more than an abstract and generalized harm to a citizen's interest in the proper application of the law does not count as an 'injury in fact.' And it consequently does not show standing." *Carney v. Adams*, 592 U.S. --, 141 S. Ct. 493, 498-99 (2020); *see also Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013).

Here, Beckman and Frank start their claim with the accusation that the defendants knowingly published misleading and fraudulent data that overstated the number of COVID-19 cases and deaths. Beckman and Frank do *not* assert that the defendants published any data *about*

either of them specifically or provided any data *to* them personally. Nor do they assert that they relied on the data to their personal detriment. In short, Beckman and Frank have not asserted that the defendants' conduct has affected them "more directly and tangibly . . . than it does the public at large." *See Lujan*, 504 U.S. at 573. This "abstract and generalized harm" is not an "injury in fact" and does not establish standing. *See Adams*, 141 S. Ct. at 498.

To the extent that Beckman and Frank develop their claim to state direct injuries that are particular to them, and not merely to the public at large, they describe injuries committed by third parties who are not before the court. Frank posits that "a number of social media platforms and news outlets" relied on the defendants' data to label his contrary statistical analysis about COVID-19 as "illegitimate or false," which impaired his business and harmed his reputation. Meanwhile, Beckman posits that the defendants' overstatement of COVID-19 cases and deaths caused the State of Ohio to impose emergency measures, including closures, mask mandates, and campaigns to encourage social distancing, quarantining, and vaccination. This, in turn, caused the organizers of her young son's hockey program to impose a mask requirement with no exceptions (not even for Beckman's valid medical and religious reasons), which prevented Beckman from attending and, accordingly, forced her to withdraw her son from hockey. Further, the operators or users of social media platforms censored Beckman, which caused her embarrassment and chilled her speech. And Beckman's employer required her to quarantine after she visited her family for Thanksgiving, even though she was not ill and had not been exposed to COVID-19, from which she claims "a burden on her Constitutional right to travel." Finally, Beckman's family expressed their "great fear" regarding COVID-19, which harmed her relationship with them.

When, as is alleged here, the "causal relation between [the claimed] injury and [the] challenged action depends upon the decision of an independent third party . . . , standing is not

precluded, but it is ordinarily substantially more difficult to establish." *California v. Texas*, 593 U.S. --, 141 S. Ct. 2104, 2117 (2021) (quotation marks and citation omitted). Given its "reluctance to endorse standing theories that rest on speculation about the decisions of independent actors," *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 (2013), the Court has limited the "fairly traceable" element in such cases to "the predictable effect of Government action on the decisions of third parties." *Dep't of Com. v. New York*, 588 U.S. --, 139 S. Ct. 2551, 2566 (2019).

The direct injuries here are due to the independent actions of intervening third parties (i.e., no-exception masking and quarantine requirements, social media censorship and hostility, family dispute or drama). Even if these actions would support viable legal claims (e.g., if Frank could sue a social media platform for defamation or Beckman could sue the hockey program for its unreasonable mask mandate), they are not the "predictable effect" of the defendants' alleged overstatement of COVID-19 case and death data. *See Turaani v. Wray*, 988 F.3d 313, 316 (6th Cir. 2021) ("[U]nless the defendant's actions had a 'determinative or coercive effect' upon the third party, the claimant's quarrel is with the third party, not the defendant." (quoting *Bennett v. Spear*, 520 U.S. 154, 169 (1997))). These injuries are not "fairly traceable" to the defendants. *See Bennett*, 520 U.S. 169.

Finally, the requested relief would not redress the articulated injuries. *See Nader v. Blackwell*, 545 F.3d 459, 471 (6th Cir. 2008). Beckman and Frank sought to enjoin the defendants from the alleged overreporting of COVID-19 cases and deaths. As just shown, however, it is neither obvious nor even likely that such an injunction would necessarily prevent the independent third parties from taking or continuing the actions that caused the claimed injuries.

Because the plaintiffs' allegations, even if true, do not establish any injury in fact that is fairly traceable to the named defendants and redressable by the requested relief, we find that the plaintiffs lack standing to sue and AFFIRM the judgment of the district court.